ORIGINAL

SCOTTY REIZ-MONIZ
REGISTRY NUMBER 88677-022
FCI TERMINAL ISLAND
P.O. BOX 3007
TERMINAL ISLAND, CALIFORNIA 90731

PETITIONER IN PRO SE/

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 3 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SCOTTY REIZ-MONIZ,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent,

CASE NO. CR 02-000-53-HG

MOTION TO PRESERVE APPR-
ENDI/BLAKELY/BOOKER ISSUES
IF EVER MADE RETROACTIVE.

CERTIFICATION: I certify under penalty of perjury that this Motion was filed on or before the 11th. Day of January, 2006, well within the one year filing period.

On January 12, 2005, the United States Supreme Court resolved the case of United States v. Booker. In its 5-4 decision, the High Court did what defense attorneys find to be challengeing and frustrating. It found that the omnibus Sentencing Guidelines to be violative of the Sixth Amendment of the Constitution in that it conflicts with an accused's right to a jury trial. To the extent the sentencing calculation under the Sentencing Guidelines may be increased from one guideline range to another based on facts not proved beyond a reasonable doubt by a jury. The Court found it ran afoul of the Constitution. Finding that the Sentencing Guidelines are only advisory, the Supreme Court brought Constitutionality back

-1-

to the criminal sentencing process but also brought confusion to the status of many criminal cases pending in the Courts.

Eight months later, the various circuits and their many district courts, have been all across the spectrum as to how to apply Booker, attempting to restrict its apparent implications to minimize the effect on pending criminal cases both on direct appeal and collateral review. The biggest question is whether the impact and import of Booker can be made retroactive.

The Okai case is the first to recognize the basic and fundamental distinction made by the Supreme Court in Schriro.

It is important to note that in United States v. Dodd, the Supreme Court stated that any successive petitions or other claims for relief based upon a new rule of law. Must be filed within one year of the date the new rule was announced. Dodd, said this was the case even when the new rule of law was not yet made retroactive. In fact the court recognized their ruling would require individuals to file for relief before they would even know whether the new ruling was retroactively applicable or not.

With the cumulative amount of case law there is support of Apprendi/Blakely/Booker should be applied retroactively and depending on individual cases.

WHEREFORE, premises considered, and petitioner having demonstrated that he is making every attempt to preserve his Apprendi/Blakely/Booker issues, if they are ever made retroactive.

Petitioner seek help in these matters in the interest of Justice and in order that Justice may finally be served.

Execute this 3rd day of January, 2006.

                                        Respectfully submitted,

                                        _____
                                        Scotty Reiz-Moniz

CERTIFICATE OF SERVICE

I, SCOTTY REIZ-MONIZ hereby certify that I have made service on all interested parties listed below, by placing in a sealed envelope postage thereon prepaid and dropped in the United States Mail Drop at Terminal Island, California on January 3, 2006.

UNITED STATES DISTRICT COURT CLERK
UNITED STATES ATTORNEY'S OFFICE

BY _____

CERTIFICATION

I, SCOTTY REIZ-MONIZ declare under penalty in lieu of Nortary under 28 U.S.C. §1746, penalty of perjury and Houston v. Lack, 101 L.Ed.2d 245 (1988), deem filed when put in prison mail box.