IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTY REIZ-MONIZ, | ) | CRIMINAL NO. 02-00053 HG |
| | ) | |
| | ) | **ORDER DENYING "MOTION TO** |
| Petitioner, | ) | **PRESERVE** |
| | ) | **APPRENDI/BLAKELY/BOOKER** |
| vs. | ) | **ISSUES IF EVER MADE** |
| | ) | **RETROACTIVE"** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING "MOTION TO PRESERVE APPRENDI/BLAKELY/BOOKER
ISSUES IF EVER MADE RETROACTIVE"**

On January 13, 2006, Petitioner Scotty Reiz-Moniz ("Petitioner") filed a "Motion to Preserve Apprendi/Blakely/Booker Issues If Ever Made Retroactive". Petitioner seeks to preserve his right to challenge the constitutionality of his sentence in the event the United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005) is ever made retroactive. See <u>Dodd v. United States</u>, \_\_ U.S. \_\_, 125 S. Ct. 2478 (2005) (one-year limitation period for filing motion to vacate sentence under 28 U.S.C. § 2255 runs from date on which the Supreme Court initially recognized the right asserted, not the date on which the right asserted was made

1

retroactively applicable).

The Ninth Circuit Court of Appeals, along with every other Court of Appeals for the United States Circuit Courts that has considered the issue, has held that Booker does not apply retroactively to cases on collateral review.  See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005), cert. denied, __ U.S. __ , 126 S. Ct. 1181 (2006).

While the Court recognizes Petitioner's intention to preserve a collateral challenge to his sentence on Booker grounds, the Court cannot determine whether Petitioner's filing is adequate to preserve such a challenge.  In the unlikely event that the United States Supreme Court makes Booker retroactively applicable, the Court will look to the higher court for guidance as to whether Petitioner has taken appropriate steps to preserve Booker issues.

For the foregoing reasons, Petitioner's "Motion to Preserve Apprendi/Blakely/Booker Issues If Ever Made Retroactive" (Doc. 78) is **DENIED WITHOUT PREJUDICE.**  In the event that Booker is ever made retroactively applicable, Petitioner may argue that he has taken appropriate steps to preserve a challenge to his sentence on Booker grounds.

```
IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 14, 2006.
```



```
                              _____
                              Helen Gillmor
                              Chief United States District Judge
```

_____

Scotty Reiz-Moniz v. United States of America, Crim. No. 02-00053 HG; **ORDER DENYING "MOTION TO PRESERVE APPRENDI/BLAKELY/BOOKER ISSUES IF EVER MADE RETROACTIVE"**